**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**


AARON E. SMOTHERS                                                    Plaintiff

v.                                              4:08CV04185 HLJ

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                             Defendant


<u>ORDER</u>


It has become apparent to the Court from reading the transcript that Plaintiff is a resident of Gurdon, Arkansas. (Tr. 1, 5, 19, 40, 41, 42, 43, 44, 47, 53, 68, 80, 81, 95, 109, 147) Gurdon is in Clark County, which is in the Western District of Arkansas.

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action . . . . Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .

42 U.S.C. § 405(g).

Section 405(g) is quite clear that venue is proper where Plaintiff resides. (Since he is seeking disability benefits, he is presumably not presently employed.) <u>Accord</u>, <u>Randolph v. Barnhart</u>, 386 F.3d 835, 836 n.3 (8th Cir. 2004); <u>Mazaleski v. Sullivan</u>, (1992, D. D.C.) CCH Unemployment Ins. Rep. ¶ 16837A; 1992 WL 205095.

Accordingly, it is hereby

ORDERED that this case is hereby transferred to the United

States District Court for the Western District of Arkansas.

DATED this 29th day of March, 2010.


_____
UNITED STATES MAGISTRATE JUDGE