IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AARON E. SMOTHERS  PLAINTIFF

vs.  Civil No. 6:10-cv-06024

MICHAEL J. ASTRUE  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Aaron E. Smothers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.[1]

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 20.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his DIB and SSI applications on September 29, 2006. (Tr. 78, 83-85). Plaintiff claimed he was disabled due to diabetes and a collapsed lung. (Tr.103). In his applications, he

---

[1] Plaintiff originally filed this action in the Eastern District of Arkansas. This action was transferred to this Court on March 29, 2010. ECF No. 17.

[2] The docket numbers for this case are referenced by the designation "ECF. No." The transcript pages for this case are referenced by the designation "Tr."

alleged an onset date of January 1, 2003. (Tr. 78, 83). These applications were initially denied on November 3, 2006 and were denied again on reconsideration on March 19, 2007. (Tr. 40-43). On March 22, 2007, Plaintiff requested an administrative hearing on his applications. (Tr. 57). This hearing request was granted, and a hearing on this matter was held on May 28, 2008 in Hot Springs, Arkansas. (Tr. 16-39). Plaintiff was present and was represented by counsel, Randy Baltz, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") David O'Neal testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c)(2008), and had obtained his high school diploma. (Tr. 19).

On August 27, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 8-15). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2007. (Tr. 10, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2003, his alleged onset date. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diabetes mellitus and essential hypertension. (Tr. 10, Finding 3). However, the ALJ also determined Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 11-13). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not fully credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to

2

perform the full range of light work. (Tr. 11-13). The only restriction the ALJ found Plaintiff had in his ability to perform the full range of light work was that "he may require occasional breaks of short duration during the work day to test his blood sugar." (Tr. 11, Finding 5). As defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), "light work" involves the following:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 13, Finding 6). The ALJ found Plaintiff's PRW included work as a warehouse worker, hospital housekeeper, kitchen helper, short-order cook, press operator, and sales stock clerk. *See id.* The ALJ found that, given Plaintiff's RFC and other limitations, he did not retain the ability to perform his PRW. *See id.* The ALJ, however, did find that given his age, education, past work, RFC, and other limitations, Plaintiff still retained the ability to perform other work existing in significant numbers in the economy. (Tr.14, Finding 10). The ALJ based this determination upon the Medical-Vocational Guidelines or the "Grids." *See id.* Specifically, the ALJ found that Rule 202.20 of the Grids directed a finding of "not disabled" considering Plaintiff's RFC, age, education, and work experience. *See id.* Based upon this determination, the ALJ found Plaintiff was not disabled, as defined by the Act, at any time from his application date through the date of the ALJ's decision or through August 27, 2008. (Tr. 15, Finding 15).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable

decision. (Tr. 63-67). *See* 20 C.F.R. § 404.968. On October 31, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On November 28, 2008, Plaintiff filed the present appeal. ECF No. 2. The parties consented to the jurisdiction of this Court on May 6, 2010. ECF No. 20. Both parties have filed appeal briefs. ECF Nos.11, 15. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

4

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ's decision is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the ALJ erred in the following ways: (A) by failing to properly evaluate the severity of his chronic pain and other symptoms associated with his diabetic neuropathy; (B) by improperly discrediting his treating physician and

5

concluding he retained the RFC to perform skilled light work; and (C) by presenting an improper hypothetical to the VE.  ECF No. 11, Pages 2-16.  In response, Defendant argues that the ALJ followed the correct standard in evaluating Plaintiff's credibility, the ALJ properly denied giving controlling weight to Plaintiff's treating physician, and the ALJ correctly utilized the Grids.  ECF No. 15, Pages 3-7.  This Court will address each of Plaintiff's arguments.

### A.   Evaluation of Plaintiff's Pain

Plaintiff argues the ALJ improperly evaluated the chronic pain associated with his diabetic neuropathy.  ECF No. 11, Page 3.  Plaintiff claims he testified at the administrative hearing that he cannot perform light work "at any level" because he cannot stand, sit or walk without swelling, numbness and tingling of the extremities, and pain.  *Id.* at 10.  In response, Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain and performed a full *Polaski* evaluation.  ECF No. 15, Pages 4-6.

After reviewing the ALJ's opinion in this case, this Court finds the ALJ performed a proper *Polaski* evaluation and properly evaluated Plaintiff's subjective complaints of disabling pain.  In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication;

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a proper *Polaski* evaluation. The ALJ specifically cited the *Polaski* standard in his decision. (Tr. 11-13). After citing the *Polaski* decision and the *Polaski* factors, the ALJ then discussed those factors in evaluating Plaintiff's credibility. (Tr. 11-13). Notably, the ALJ focused on Plaintiff's many activities of daily living and the fact that Plaintiff required no medication for his allegedly disabling pain. (Tr. 12). The ALJ also noted that Plaintiff's

diabetes was apparently controlled with medication. (Tr. 12). *See Johnson v. Apfel,* 240 F.3d 1145, 1148 (8th Cir. 2000) (holding that impairments that are controllable or amenable to treatment do not support a finding of total disability). Indeed, Plaintiff remained capable of exercising at home, caring for all of his personal needs, driving a car, visiting with friends, going to church, and attending drug and alcohol support meetings. (Tr. 32, 122, 125). Plaintiff's demonstrated ability to engage in a significant number of activities of daily living undermines his subjective complaints. *See Dunahoo v. Apfel,* 241 F.3d 1033, 1038 (8th Cir. 2001). Therefore, based upon these findings, the Court holds that the ALJ's *Polaski* analysis was proper.

Furthermore, it is important to note that Plaintiff's incarceration for selling crack cocaine also detracts from his credibility. This is especially since he was not released from prison until May of 2006, more than three years after his alleged onset date of January 1, 2003. (Tr. 78, 83-84, 95-97). Plaintiff testified that the prison system assigned him to kitchen duty, a job similar to one he performed prior to incarceration. (Tr. 35). And, while he claims that he was unable to do that job, the prison system assigned him to some other type of work while he completed a drug treatment program, and his conditional-release paperwork indicated that his employer was "to be arranged." (Tr. 35-36, 95). Thus, the prison system also apparently believed he was able to perform at least some type of work activity.

     **B.**    **RFC Determination**

Plaintiff claims the ALJ erred by concluding he retained the RFC to perform skilled light work. ECF No. 11, Pages 13-17. In support of his argument, Plaintiff claims that the medical records from his treating physician demonstrate that he is unable to perform skilled light work. *Id.* Specifically, Plaintiff references a two-page RFC "check-list" form completed by his treating

8

physician, Dr. Wijewardane, dated January 23, 2007. *Id.* at 235-236.

This Court has reviewed this form and Dr. Wijewardane's opinions as stated therein. Upon review, this Court finds the ALJ properly concluded that this form is not entitled to any weight. At best, this form provides conclusory opinions regarding Plaintiff's alleged disability without referencing any support for those opinions. Such conclusory opinions are entitled to little or no weight. *See Edwards v. Barnhart,* 314 F.3d 964, 967 (8th Cir. 1994) (holding that conclusory statements, such as those not supported by medical diagnoses or based on objective evidence, will not support a finding of disability). Further, the ALJ properly cited several valid reasons for denying this medical source controlling weight, including the conflicts between his opinion and other evidence of record, the conclusory nature of the opinion, and the lack of any objective testing or treatment to support his opinion. (Tr. 12-13). Thus, this Court finds Plaintiff's second argument is without merit.

    **C.**    **Hypothetical to the VE**

Plaintiff claims the ALJ erred in relying on the Grids instead of relying upon a VE's response to a hypothetical question at Step Five. ECF No. 14, Page 16. Plaintiff claims that the "ALJ had a duty to frame a hypothetical question to the V.E. that would encompass all limitations and acertain what level of work, if any, Plaintiff is able to perform." *Id.* In response, Defendant argues that the ALJ properly relied upon the Grids in determining Plaintiff was not disabled. ECF No. 15, Pages 6-7.

After reviewing the ALJ's decision, this Court finds the ALJ did not err by applying the Grids. Reliance on the Grids at Step Five is appropriate in cases where the ALJ determines that the claimant retains the RFC to perform a full range of sedentary, light, medium, or heavy work without

any significant limitations.  *See Holz v. Apfel,* 191 F.3d 945, 947 (8th Cir. 1999) (permitting use of the Grids at Step Five where the claimant has no non-exertional limitations or where non-exertional limitations exist but impose no significant limitation to claimant's ability to perform the full range of work under a given category).

In the present action, the ALJ properly found Plaintiff had no non-exertional limitations that significantly eroded the occupational base for light work. Indeed, Plaintiff has provided no medical records providing *specific* examples of any such non-exertional impairments and which would erode his ability to perform the full range of light work.  Therefore, this Court finds no basis for reversing the ALJ's Step Five determination.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of September, 2010.**

                                                       s/ Barry A. Bryant
                                                      HON. BARRY A. BRYANT
                                                      U. S. MAGISTRATE JUDGE